# DUNNINGTON *v.* DUNNINGTON.

### DIVORCE AND ALIMONY; AFFIDAVITS.

1. The award of alimony *pendente lite* is a matter within the discretion of the lower court, and its action will not be disturbed where the allegations and affidavits of the wife seeking it are sufficient to support her application.

2. Where on an application by the defendant in a divorce suit for an award of alimony *pendente lite* and a motion by the plaintiff to strike out the defendant's answer as a cross bill, the plaintiff, in order to secure an immediate hearing, agreed not to present certain affidavits in opposition to the defendant's application, which the court had ruled might be filed on condition that the cause be continued in order to give the defendant an opportunity to reply to such affidavits; and thereupon a hearing was had, as a result of which the court ordered so much of the answer to be stricken out as constituted a cross bill, but directed the remainder to stand as an affidavit in support of the defendant's application for alimony, and that the plaintiff pay the defendant alimony *pendente lite,*—this court, upon appeal by the plaintiff, *affirmed* such order.

No. 2913.    Submitted May 1, 1916.    Decided May 22, 1916.

HEARING on an appeal by the plaintiff from an order of the Supreme Court of the District of Columbia in a divorce suit awarding alimony to the defendant.                *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from an order awarding alimony to the defendant, Effie L. Dunnington, in a suit for divorce brought by Clyde C. Dunnington.

The plaintiff, Clyde C. Dunnington, alleges that he was married to defendant on the 25th day of July, 1911; immediately thereafter complainant and defendant began to live together as man and wife in the city of Washington, District of Columbia,

and there resided and cohabited as man and wife until the desertion hereinafter complained of. No children have been born of the said marriage. Plaintiff alleges that immediately after his marriage he rented an apartment in the city of Washington, where he and his wife lived and cohabited together as man and wife; that he furnished her with all the comforts of life commensurate with her station in life; that he was to his said wife a kind, affectionate, and devoted husband; and that he provided for her and maintained his said household up until the 21st day of July, 1915. That on July 21, 1915, without cause, justification, or excuse, the defendant wilfully deserted and abandoned the complainant and left his said home, and went to the State of New York, without his knowledge, acquiescence, or consent. That since defendant has deserted him she has refused to return and live with plaintiff; that he has importuned his said wife to return and live with him, but, without cause, she has positively refused so to do, and has positively refused to resume marital relations with the complainant. He prays for a divorce.

The answer of the defendant admits the marriage, and that she has for the past three months resided with her mother in the city of New York; she denies that she deserted the plaintiff; she admits that plaintiff rented an apartment immediately after their said marriage, in which they lived together as man and wife, but says that plaintiff failed to pay the rent of said apartment during the first six months of the occupancy thereof, the said rent being paid by the defendant's father; defendant also denies that plaintiff was an affectionate and devoted husband, and defendant further denies that he provided for her as alleged. She denies that she deserted the plaintiff on the 21st day of July, 1915, without cause, justification, or excuse; defendant says that it is true that she left the plaintiff on the said date, but that she was compelled to do so because of her health and extreme nervous condition which was and had been superinduced by the abnormal and degenerate habits of the plaintiff practised upon your defendant over her protest and against her will; that besides subjecting the defendant to the revolting indignities too obscene and indecent to be described herein, the

plaintiff frequently came home in an intoxicated condition and inflicted cruel punishment upon the defendant; that the said conduct of the plaintiff began in the month of October, 1914, and was tolerated and endured by her until the 21st day of July, 1915, when her health and nervous system completely gave away, and under the advice of her physician she was compelled to quit the bed and board of the plaintiff in order to regain her health and prevent her from becoming insane.

Defendant apprised the plaintiff of the physician's advice, and requested him to furnish her with the money with which to defray her expenses to the home of her mother, where she hoped to convalesce, which plaintiff refused to do; defendant thereupon apprised the plaintiff that she would secure funds from her parents with which to meet the necessary expense; that thereupon she left the plaintiff and went to the home of her parents; that defendant learned four days after the departure from this city that the plaintiff, who was two months in arrears in the rent of their said apartment, had abandoned the same; that on the fifth day after her said departure plaintiff sent defendant a trunk in which were packed her clothes, and conspicuously on top thereof was placed the certificate of their said marriage; that since the 21st day of July, 1915, the defendant has not heard from the plaintiff except through one Paul Bradshaw, who called upon her and stated that he represented the plaintiff, and had come to arrange a scheme whereby plaintiff would grant to the defendant an absolute divorce. Defendant is now dependent upon her parents for support and maintenance.

She says that plaintiff is employed by a manufacturer of typewriters from which position he receives an income of more than $200 a month.

She prays that this answer be taken and treated as a counterclaim or cross bill; that she may be awarded a divorce from the plaintiff; that pending the final determination of this cause, and permanently thereafter, she may be awarded alimony together with suitable counsel fees. This answer was duly sworn to.

November 2, 1915, complainant moved to strike out the answer and to dismiss the cross bill, because, first, it does not state facts legally sufficient to entitle her to the relief therein prayed.

'And the complainant further moves the court to strike out the answer of defendant because the said answer does not plead facts, but alleges the conclusions of the pleader; second, because the said answer pleads conclusions of law.

On December 7, 1915, the cause came on to be heard on said motion and defendant's motion for alimony.

The decree recites the facts, and that the parties stipulated in open court that the said motion for alimony and counsel fees should be heard on bill and answer.

It was thereupon ordered by the court that the motion for alimony is hereby granted, and plaintiff herein pay to the defendant in this cause or her attorneys of record the sum of $66.33 each and every month until the final determination of this cause, the first of said payments to be made on the 31st day of December, 1915, and thereafter a like sum on the last day of each month.

It was further ordered that the motion to strike out the answer filed herein be, and the same is hereby, granted in so far as it undertakes to set up a cause of action in favor of the defendant, but the same is retained and considered as an affidavit upon the motion for alimony, and leave is hereby granted the defendant to file an amended answer within ten days from this date should she be so advised.

Exception was taken to the retention, and consideration of the answer as an affidavit on the motion for alimony and to the award of alimony and notice of appeal was given and bond fixed.

A bill of exceptions was afterwards approved and filed, which recites that on December 3, 1915, the motions to strike out the answer and cross bill herein, and for alimony, were called to be heard, whereupon counsel for the plaintiff stated they had certain affidavits that they desired to submit in opposition to the motion for alimony; thereupon, counsel for the defendant stated that the said affidavits had not been filed, and that the same had not been seen by them, and moved the court to continue the motion for alimony until the next motion day, to afford them

an opportunity to read the said affidavits and secure such counter affidavits as they might deem advisable to meet the statements contained in the affidavits proposed to be submitted by the plaintiff; whereupon, the court stated that he would grant such continuance; thereupon counsel for the plaintiff stated that they would not insist upon their said affidavits being heard by the court provided that a stipulation should be made in open court between counsel for the respective parties that, if the court would consent to an immediate hearing without the postponement, that the said motion for alimony should be heard and decided upon the allegations contained in the bill of complaint and the answer filed herein; thereupon the court consented to hear the said motion for alimony upon the allegations contained in the bill of complaint and the answer filed thereto, in accordance with a stipulation of counsel so made. Thereupon, the motion to strike out the answer and cross bill filed herein and the motion for alimony being heard and argued together by counsel for the respective parties, the court decided the motion for alimony in favor of the defendant, and awarded her alimony *pendente lite* in the sum of $66.33 a month, and granted the motion to strike out the answer in so far as the said answer undertook to set up a cause of action in favor of the defendant, but considered the said answer as an affidavit upon the motion for alimony.

Plaintiff objected to the consideration of the answer as an affidavit, which objection the court overruled. Thereupon the plaintiff attempted to offer in evidence the affidavits hereinbefore referred to, which affidavits were material to the said motion for alimony, but the court declined to consider said affidavits, because, after the court had ruled that he would grant a continuance and give the defendant an opportunity to meet the said affidavits, counsel for the plaintiff had stated prior to the argument of said motions, that they would not insist upon the consideration of said affidavits, and had stipulated that the motion for alimony should be heard and decided on the allegations contained in the bill of complaint and the answer; and, after the court had acted on the said stipulation and decided the

case against the plaintiff, counsel for the plaintiff would not be permitted to submit the same affidavits which they had so stated they would not insist upon the court hearing.

The affidavits have never been filed in the case nor marked for identification.

At the time of the settling of this bill of exceptions, the plaintiff requested the court that said affidavits, or the substance thereof, be attached hereto and made part hereof; which the court declined to allow to be done; to which ruling the plaintiff then excepted.

*Mr. Daniel Thew Wright* and *Mr. T. Morris Wampler* for the appellant.

*Mr. George F. Havell* and *Mr. S. McComas Hawken* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Plaintiff assigns for error, first, that the court erred in retaining the answer and cross petition of the defendant; second, the court erred in considering the answer and cross petition of the defendant as an affidavit; third, the court erred in considering the answer and cross petition of the defendant in support of her application for alimony *pendente lite;* fourth, the court erred in refusing to hear evidence offered by the plaintiff on the hearing of the defendant's motion for alimony; fifth, the court erred in refusing to permit the plaintiff to offer affidavits in evidence, upon the hearing of the defendant's motion for alimony *pendente lite,* after the court had announced that it would regard the answer and cross petition of the defendant as an affidavit; sixth, the court erred in refusing to consider the affidavits offered by the plaintiff at the hearing of the defendant's application for alimony *pendente lite* as shown by the bill of exceptions; seventh, the court erred in refusing to consider each several affidavit offered by the plaintiff upon the hearing of the motion

of the defendant for alimony; eighth, the court erred in granting the application of the defendant for alimony *pendente lite,* and erred in allowing and awarding alimony *pendente lite* to the defendant.

We do not think the assignment of errors well taken. It appears from the stipulation that the defendant objected to the hearing of the motion for alimony if the plaintiff should submit affidavits at the time, and asked for a continuance to the next motion day in order that defendant might have an opportunity to examine those affidavits and reply to them.

Plaintiff, in order to obtain an immediate hearing, agreed not to present the affidavits, and to submit the case upon bill and answer.

The order of the court did not strike out the entire answer of the defendant, but only such parts of it as were in the nature of allegations in support of her cross bill for divorce.

This left the remainder of the answer standing, and the court considered it as under oath in support of the motion for alimony.

The award of alimony is a matter within the discretion of the court, and in this case the allegations of the defendant were sufficient to support the motion.

The court did not err in refusing to permit the plaintiff to offer his affidavits in evidence after the decree had been entered. The plaintiff had expressly waived the hearing of those affidavits, and the case was tried upon the bill and answer.

Never having been submitted to the court or offered in evidence, they did not constitute a part of the evidence on the hearing.

It was too late to offer the affidavits after the decree was rendered by the court upon the stipulation aforesaid.

We find no error in the proceedings, and the decree is affirmed with costs. *Affirmed.*

A motion for a rehearing was overruled July 19, 1916.